## ABRAM BROS. v. KRAKOWER.

(Supreme Court, Appellate Term. November 6, 1903.)

**1. SURGEONS—ACTION FOR SERVICES—VERDICT AGAINST EVIDENCE.**

Plaintiff testified that it was agreed he should perform an operation for defendant; a certain other surgeon to be present, and to receive $500 therefor; plaintiff to receive $250. The other surgeon testified that he was present, and received defendant's check for $500, and retained it for his services. Defendant testified that the contract was that plaintiff was the only one to be paid, and he was to receive $750 if a certain operation proved necessary, and only $250 if merely the operation performed was necessary, and that the check was made payable to the other surgeon at plaintiff's request; his reason assigned therefor being merely that he would have the other surgeon at the operation. *Held*, that the verdict for defendant, giving him his counterclaim of $250, was against the weight of evidence; plaintiff's story being probable and corroborated, and defendant's story being improbable.

Appeal from City Court of New York, Trial Term.

Action by Abram Brothers against Henry Krakower. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Epstein Bros., for appellant.
Krakower & Peters, for respondent.

BLANCHARD, J. Justice Patterson, writing for the Appellate Division, in the case of Gans v. Wormser, 73 App. Div. 623, 76 N. Y. Supp. 874, says:

"A careful examination of the record in this case satisfies us that the verdict of the jury in favor of the defendant should have been set aside on the plaintiff's motion for a new trial on the ground that the evidence strongly preponderates against the * * * defense to the cause of action asserted by the plaintiff."

This language is expressive of our opinion in the present case. The plaintiff, a physician in good standing, sues to recover a balance claimed to be due him for professional services rendered to the mother of the defendant. The principal issue in the case relates to an agreement relative to services performed in operating upon the mother of the defendant. The plaintiff's theory of this agreement is as follows: Plaintiff testifies to a conversation with defendant, during which defendant stated that he had had a conversation with Prof. Boldt relative to the preformance of the operation in question, and that Prof. Boldt had stated that he would charge $1,000 for performing the operation. The plaintiff had been the defendant's family physician for a number of years, and stated to defendant that he could perform the operation, and would have Prof. Boldt present at the operation, in which event Prof. Boldt's charge would be but $500, and that he (the plaintiff) would charge but $250 for his own services; that defendant expressed his satisfaction with this arrangement, and plaintiff thereupon requested a check for Prof. Boldt for $500, which was given then and there. This check, made payable to the order of

Prof. Boldt, was introduced in evidence, and Prof. Boldt testified that he received it, and had it certified. It bears his indorsement, and appears to have been paid to him through the clearing house. The defendant denies the agreement as testified to by the plaintiff. Defendant's story is to the following effect: That there existed doubt as to the success of the operation to be performed, and that the arrangement between plaintiff and defendant was that the mother of the defendant was to be operated on—her abdomen was to be opened—and, if it was then found to be advisable to operate, it should be done, and the plaintiff was then to receive $750; but if the abdomen was opened, and no operation performed, the plaintiff's charge was to be but $250. In other words, an exploratory operation was to be made, for which plaintiff was to receive $250, and, if the further operation was made, plaintiff was to get $750. There is some dispute as to whether, if this arrangement was the true one, the further operation was to be performed, but it is unnecessary to consider it. The defendant's explanation of the giving of the check for $500 to the order of Prof. Boldt is important. He says that the plaintiff insisted upon his money—$750—in advance, but that he (defendant) said that plaintiff might not be entitled to receive but $250, and that plaintiff said: "I will tell you what you do. You give me five hundred dollars." Defendant then said he had no check with him, whereupon plaintiff produced a blank one, which defendant filled out to plaintiff's order. That plaintiff thereupon said, "Make it payable to A. J. Boldt," whereupon defendant said: "Why do you want it that way?" To which plaintiff replied: "Because I will have Dr. Boldt there." The check was thereupon made to the order of Prof. Boldt, and the operation was performed the following day, at which Prof. Boldt attended. The jury found for the defendant, and gave him a verdict on his counterclaim for the excess paid to the plaintiff according to defendant's version of the arrangement.

As the record stands concerning the agreement, we believe that the story of the plaintiff is the probable one, while that of defendant's is improbable. The plaintiff's story is supported and corroborated by the defendant's check to the order of Prof. Boldt, and by the testimony of Prof. Boldt that he received the check, and retained its proceeds for his share of the services rendered. The defendant's version of the agreement is unsupported by any corroborating circumstances, and is inherently improbable.

The verdict is against the weight of evidence and must be set aside, and a new trial ordered, with costs to the appellant to abide the event. All concur.